# SOUTHERN INDIANA LOAN & SAVINGS INSTITUTION v. ROBERTS ET AL.

[No. 6,490. Filed December 18, 1908.]

1. CONTRACTS.—*Mortgages.*—*Frauds, Statute of.*—A mere agreement by a third person to pay the mortgage debt of another is within the statute of frauds (§7462 Burns 1908, §4904 R. S. 1881) ; but where a grantee agrees, as a part of the purchase price, to pay a mortgage indebtedness, such agreement is not within such statute. p. 654.

2. SAME.—*Frauds, Statute of.*—A contract to pay another's debt made directly with the creditor, even though founded upon a valuable consideration, is within the statute of frauds (§7462 Burns 1908, §4904 R. S. 1881). p. 655.

3. PLEADING. — *Complaint.* — *Contracts.* — *Consideration.*—A complaint founded upon an oral contract, or upon a written contract which does not import a consideration, must allege a legal consideration. p. 656.

4. SAME.—*Complaint.*—*Mortgages.*—*Assumption of Payment of.*—A complaint alleging that certain mortgaged premises were conveyed by warranty deed to defendants "who each assumed to pay the mortgage aforesaid" does not show a personal liability, on the part of such grantees, to the mortgagee. p. 656.

5. SAME.—*Contracts.*—*Oral or Written.*—*Failure to Allege.*—*Presumptions.*—Upon a failure to allege that a contract was in writing the presumption is that it was oral. p. 656.

From Spencer Circuit Court; *Roscoe Kiper,* Judge.

Suit by the Southern Indiana Loan & Savings Institution against John J. Roberts and others. From a judgment for Roberts and another, plaintiff appeals. *Affirmed.*

*F. A. Heuring, John W. Burns* and *J. Philip Burns,* for appellant.

*Ralph E. Roberts, William M. Smith* and *William A. Mc-Cullough,* for appellees.

RABB, J.—The appellant brought this suit in the court below against the appellees, seeking to foreclose a mortgage on certain real estate described, and also to recover a personal judgment against appellees William M. Smith and Walter

J. Jones, who are alleged to have been subsequent grantees from Roberts of the premises mortgaged. Appellee Roberts suffered a default. Appellees Smith and Jones answered in four paragraphs. Appellant's demurrer to the first and third paragraphs was overruled and exception reserved, a reply filed, cause submitted to a jury for trial upon the issues between appellant and appellees Smith and Jones, and a verdict returned in favor of Smith and Jones. Appellant's motion for a new trial was overruled, and a decree of foreclosure was entered in favor of appellant for the amount due on the debt against all the parties, and a personal judgment denied appellant as against Smith and Jones, and judgment rendered in their favor for costs.

From this judgment an appeal is taken to this court, and errors assigned upon the overruling of appellant's demurrer to the first and third paragraphs of the answer of appellees Jones and Smith, and appellant's motion for a new trial as against them.

The theory upon which appellant claims a right to a personal judgment against appellees Smith and Jones is that they are subsequent purchasers of the property, and that they assumed the payment of the mortgage upon the premises.

The statute of frauds (§7462 Burns 1908, §4904 R. S. 1881) provides that no action shall be brought to charge any person, upon any special promise to answer, for the

1. debt, default or miscarriage of another, unless the promise, contract or agreement, or some memoranda thereof, shall be in writing, and signed by the party to be charged therewith. The mortgage debt with which appellant seeks to charge appellees Smith and Jones in this suit was not primarily their debt. It was the debt of appellee Roberts, and, in order to make a case against them of personal liability for this debt of Roberts, such facts must be averred in the complaint and proved upon the trial as take the case out of the operation of this statute, and render this

debt the debt of Jones and Smith. It is the well-settled law that where a conveyance of land is made, and the grantee assumes to pay, as a part of the consideration for the conveyance, a mortgage debt due from the grantor, the debt thus assumed to be paid is not the debt of a third person within the meaning of the statute of frauds, but becomes the debt of the grantee, and he is personally liable upon his contract, whether it be in writing or expressed orally. This doctrine is announced by the Supreme Court in the case of *McDill* v. *Gunn* (1873), 43 Ind. 315, and is followed by a long line of decided cases in this State.

It is not because the transaction relates to real estate that the contract to pay the mortgage debt is taken out of the operation of the statute of frauds, but because the promissor has, by his contract with the grantor of the land, agreed to pay part of the price of the land, which is his obligation, to the mortgagee. The fact that the party to whom he has thus agreed to pay part of the purchase price of the land happens to be a creditor of the seller is a matter of no controlling importance. It is his own debt he thus contracts to pay.

As we understand the rule, a valid promise to pay another's debt cannot be made directly with the creditor, even though founded on a valuable consideration, unless it
2. is in writing. It must be founded on a valuable consideration, and be in writing, when made directly with the creditor; otherwise it is squarely within the statute. *Berkshire* v. *Young* (1874), 45 Ind. 461; *Krutz* v. *Stewart* (1876), 54 Ind. 178; *Langford* v. *Freeman* (1877), 60 Ind. 46; *McCurdy* v. *Bowes* (1883), 88 Ind. 583; *Catlett* v. *Trustees, etc.* (1878), 62 Ind. 365, 30 Am. Rep. 197; *Hassinger.* v. *Newman* (1882), 83 Ind. 124, 43 Am. Rep. 64; *Parker* v. *Dillingham* (1891), 129 Ind. 542; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 37 L. R. A. 233; *Whitesell* v. *Heiney* (1877), 58 Ind. 108; 29 Am. and Eng. Ency. Law (2d ed.) 927, and cases cited,

It is a well-defined rule of pleading that, in stating a right of action founded on an oral contract, or on a written contract that does not import a consideration, it is necessary that the consideration for such promise be alleged in the complaint, with such particularity as will enable the court to decide whether the promise sued upon is supported by a sufficient legal consideration. *Wheeler* v. *Hawkins* (1885), 101 Ind. 486; *Windell* v. *Hudson* (1885), 102 Ind. 521; *Higham* v. *Harris* (1886), 108 Ind. 246; *Metzger* v. *Franklin Bank* (1889), 119 Ind. 359; *Louisville, etc., R. Co.* v. *Barnes* (1896), 16 Ind. App. 312.

In this case all that the appellant's complaint avers upon the subject of the contract under which it claims a right to a personal judgment against the appellees is as follows: "That on September 3, 1902, the defendant John J. Roberts conveyed by warranty deed the mortgaged premises to the defendants William M. Smith and Walter J. Jones, who each assumed to pay the mortgage aforesaid." It does not aver that the promise to pay Roberts's mortgage note was in writing, or that it was included in the terms of the deed under which the parties took title to the premises. It avers as one distinct fact that the property was conveyed to Jones and Smith, and as another distinct fact, not necessarily relating to the conveyance to Jones and Smith in any manner, that they (Jones and Smith) "assumed," which means nothing more than that they "promised" to pay Roberts's debt. It is to be inferred that the contract was oral, because it is not averred to have been in writing. It is to be inferred that it was not included in the deed by which Jones and Smith acquired title, for had it been it would necessarily have been evidenced by writing, and the deed, or a copy, would have been a necessary part of the complaint. The averments of the complaint amount to nothing more than a bald assertion of an oral agreement, with some undisclosed party, on the part of Jones and Smith to pay Roberts's debt, and, for

aught that appears in the averments of the complaint, the promise to pay the Roberts mortgage may have been made long after the conveyance of the land to Jones and Smith, and without any consideration whatever; and it may have been made to the creditors themselves, and not to Roberts in consideration of the sale of the land.

In every case that has come to our attention, in which the right to enforce an oral contract to pay a mortgage debt made by a purchaser of the mortgaged premises has been upheld, the complaint has averred facts showing that the assumption of the debt was a part of the consideration of the sale of the land. Appellees have not set out in the complaint what the consideration was, so that the court could say that the contract was not within the statute of frauds.

The complaint was clearly insufficient to authorize a personal judgment against appellees. This being so, any ruling made by the court on the demurrer to the answer or motion for a new trial was harmless. Judgment affirmed.

Watson, C. J., not participating. Roby, J., dissenting.