## CHICAGO, TERRE HAUTE AND SOUTHEASTERN RAILWAY COMPANY *v.* COLLINS.

[No. 11,657. Filed February 6, 1924. Rehearing denied May 14, 1924. Transfer denied October 15, 1924.]

1. TRIAL.—*Conflict between answers to interrogatories and complaint not presented by motion for judgment.*—A motion for judgment on the answers to interrogatories cannot be used to present the proposition that the answers are in irreconcilable conflict with the complaint, as the Code provides for raising that question by a motion for a new trial on the ground that the verdict is not sustained by sufficient evidence. p. 48.

2. TRIAL.—*Evidence not considered in determining motion for judgment on interrogatories.*—In ruling on a motion for judgment on the answers to interrogatories because they are in irreconcilable conflict with the verdict, the evidence is not considered. p. 48.

3. JUDGMENT.—*Final judgment ends controversy involved.*—It is a fundamental principle that a final judgment shall forever put at rest the controversy involved. p. 49.

4. JUDGMENT.—*Must follow pleadings.*—A judgment must follow the pleading on which it is based, in order that the record may show what was adjudicated. p. 49.

5. PLEADING.—*Evidence must support pleading in general scope and meaning.*—Under the provisions of §§400, 402 Burns 1914, §§391, 393 R. S. 1881, where the evidence fails to support the complaint in its general scope, there is a failure of proof, and there can be no recovery by the plaintiff regardless of how

perfectly he may have proved some other cause of action against the defendant.  p. 50.

6.  NEGLIGENCE.—*"Theory" of negligence should be stated in the complaint.*—A complaint for negligence should state the act or acts or omission constituting the negligence of the defendant so accurately and clearly that there can be no difficulty in determining the nature of plaintiff's cause of action.  p. 50.

7.  PLEADINGS.—*Pleadings are to be liberally construed.*—The Code provides that pleadings should be "liberally construed with a view to substantial justice between the parties," although the rule is well established that slovenly pleading should be discouraged.  p. 50.

8.  PLEADINGS.—*Complaint must be in writing to inform defendant of nature of action.*—One of the fundamental reasons for requiring a complaint to be in writing is to inform the defendant of the nature of the plaintiff's cause of action with sufficient definiteness to enable him to prepare his defense.  p. 51.

9.  RAILROADS.—*Proof in action for injuries held not variance from theory of complaint.*—In an action against a railroad company for personal injuries received by the plaintiff, charged to have resulted from the negligence of the defendant as to the condition of its track in a public street, an allegation in the complaint that the defendant "had wrongfully constructed" its tracks across a named street, *held* not necessarily to relate to the original construction and that the word "wrongfully" did not necessarily mean without governmental authority, so as to make proof of negligence in *maintaining* the tracks, after they were built by another company, a material variance, where the defendant was not misled as to plaintiff's cause of action, but was prepared to dispute the plaintiff's evidence with respect to the condition of the crossing at the time and place of the accident.  p. 51.

10.  PLEADING.—*Objection to evidence as variance must be sustained, but amendment may be allowed.*—In an action based on negligence, where the plaintiff attempts to prove a negligent act or omission other than the one averred in the complaint, a timely and proper objection must be made, and should be sustained, but the court may then allow the complaint to be amended to conform to the facts proved, after which, if the facts warrant, the defendant may claim surprise and obtain a continuance.  p. 52.

11.  PLEADING.—*Variance waived by failure to object.*—A defendant who has, without objection, permitted the introduction of evidence which constituted a variance from the allegations of the complaint, will not be allowed to avoid the judgment on the sole ground of the variance.  p. 52.

12. TRIAL.—*Defined as investigation under direction of state.*— Under §542 Burns 1914, §517 R. S. 1881, a trial is an investigation, under the direction and control of the State, for the purpose of discovering the truth and establishing the facts upon which the sentence of the law is pronounced.   p. 54.

13. PLEADING.—*Code authorizes amendment of pleading.*—Section 405 Burns 1914, §396 R. S. 1881, as amended Acts 1921 p. 277, authorizes the court to order a pleading amended by "inserting, striking out or modifying any material allegation in order that the pleadings may conform to the facts proved, where the amendment will not deprive a party of any substantial right," and thus avoid the trouble and expense of another trial on an amended complaint.   p. 54.

14. PLEADING.—*Amendment of complaint should be required to conform to proof.*—Under the provisions of §405 Burns 1914, §396 R. S. 1881, as amended Acts 1921 p. 277, in every case of variance of proof from the complaint, the court should require the plaintiff to file an amended complaint before rendering judgment in his favor, but, if it should fail to do so, and an appeal is taken, the appellate tribunal will treat the complaint as having been amended under §700 Burns 1914, §648 R. S. 1881.   p. 55.

15. PLEADING.—*Perfection in pleading not essential.*—Perfection in pleading is not essential, however desirable it may be, for the Code requires only that the facts be stated "in such manner as to enable a person of common understanding to know what is intended"; from which it follows that however awkwardly drafted, however inferior in point of rhetoric a pleading may be, if it states a cause of action or a defense, it may not be held utterly worthless.   p. 56.

16. PLEADING.—*"Theory" of complaint defined.*—The word "theory," as used in this state in statements to the effect that a complaint must proceed upon a definite "theory," is defined to mean that the complaint must be so drafted as to reveal the character or nature of the action, so that the court may know to what class of actions the cause of action therein stated belongs, and may know what branch of the law is applicable. p. 57.

From Jackson Circuit Court; *James A. Cox,* Judge.

Action by Mattie E. Collins against the Chicago, Terre Haute and Southeastern Railway Company and another. From a judgment for plaintiff, the named defendant appeals. *Affirmed.*

*W. F. Peter, Jr.,* and *Montgomery & Montgomery,* for appellant.

*Charles B. Clarke, Walter C. Clarke* and *Edward B. Elsner,* for appellee.

This action was instituted by Mattie E. Collins against the Chicago, Terre Haute and Southeastern Railway Company and also the Chicago, Milwaukee and St. Paul Railway Company, to recover damages for personal injuries alleged to have resulted from the negligence of the defendants.   The following is the body of the complaint:

"That on or about the 23rd day of February, 1921, the defendant, Chicago, Terre Haute and Southeastern Railway Company, was, and for a long time prior thereto had been, engaged in operating a line of railway in and through the city of Seymour, Jackson county, Indiana, where it maintained a passenger station for the receipt and discharge of passengers who had occasion to use its line of railway; that its said passenger station was located north and east of another passenger station owned and used for the same purpose by the Baltimore and Ohio Railroad Company; that said defendant's passenger station was located east of Ewing Street in said city, which is a street leading northward from said Baltimore and Ohio passenger station; that prior to said date the defendant, Chicago, Terre Haute and Southeastern Railway Company, had wrongfully constructed one or more tracks across said Ewing Street, consisting of cross ties laid in the ground and 'T' rails fastened thereon; that, although said defendant well knew that such Ewing street was in general use by passengers going to and coming from such Baltimore and Ohio Station, yet it negligently and carelessly so laid the rails in constructing its said tracks, contrary to law, across said street that they protruded one or more inches above the surrounding surface of said

street, thereby making it very dangerous for persons to use said street in going to and from such Baltimore and Ohio passenger station, in that the protruding rails were likely to catch the feet of such passengers and trip them and cause them to fall down upon the hard surface of such street.

"That on said date, plaintiff had alighted from a train on said Baltimore and Ohio Railroad at its said station, and she then proceeded northward to her destination over and along Ewing Street, all of the time using due care for her own safety and protection; that plaintiff is fifty-six years of age and has good eyesight for a woman of her age; that at said time it was dark, or nearly so, and plaintiff was unable to see such protruding rail; that in passing over the same, the toe of her shoe caught upon such protruding rail and tripping her caused her to fall with great force and violence upon the hard surface of said street, breaking her left arm at the wrist, jarring her entire body, and scratching and bruising her arms, shoulders, face, chest and legs.

"That as a result of her said injuries she was confined to her home and bed for ———— weeks, and has suffered much pain and anguish; that her digestion has been impaired and her general health weakened and her nervous system has been broken down and injured; that she has not yet recovered the use of her arm and she will never be able to have good use thereof.

"That since said injuries were sustained as aforesaid, the defendant Chicago, Milwaukee and St. Paul Railway Company has succeeded to all the property and rights of its co-defendant herein and has assumed all its obligations and liabilities; that said last named defendant has become bound for the payment of any sums due plaintiff because of her said injuries.

"Wherefore, plaintiff demands judgment against the defendants in the sum of Ten Thousand Dollars."

A demurrer to the complaint for want of facts was overruled. Each defendant filed answer in general denial. The action was dismissed as to the defendant Chicago, Milwaukee and St. Paul Railway Company. Trial resulted in a verdict for $2,000. With their verdict, the jurors returned answers to five interrogatories as follows:

"No. 1. Did the Southern Indiana Railway Company construct and lay the track across Ewing Street in the City of Seymour, of which plaintiff complains? Answer: Yes.

"No. 2. Did the Chicago, Terre Haute and Southeastern Railway Company construct or lay the track across Ewing Street in the City of Seymour of which plaintiff complains? Answer: No.

"No. 3. Was the railway track across Ewing Street in the City of Seymour of which plaintiff complains constructed and laid in pursuance of authority granted by an ordinance enacted by the Common Council of the City of Seymour on May 4, 1899? Answer: Yes.

"No. 4. Was the railway track across Ewing Street in the City of Seymour of which plaintiff complains constructed and laid in conformity to the grade of said Ewing Street as fixed and established by the Common Council of said City of Seymour? Answer: No.

"No. 5. Was the railway track across Ewing Street in the City of Seymour, Indiana, of which plaintiff complains, laid in such manner as would afford security for life and property at such crossing? Answer: No."

A motion for judgment on the interrogatories, notwithstanding the verdict, was overruled. A motion for a new trial was overruled. The errors assigned challenge the action of the court in overruling: (1) The demurrer; (2) the motion for judgment on the interrogatories; and (3) the motion for a new trial. Judgment on the verdict.

DAUSMAN, P. J. (after making the foregoing statement) :

The first error assigned has been expressly waived. Under the second assignment, the appellant contends that a recovery is absolutely inhibited by the old rule that a litigant will not be permitted to recover on any "theory" other than the one stated in his pleading. To sustain the contention, counsel proceed to put their own construction upon the complaint. They say that the plain "theory" of the complaint is that the track was originally constructed by the appellant; and that the original construction of the track was wrongful. They insist that the averment that the track was wrongfully constructed across Ewing street means that it was originally constructed without lawful authority; and that the complaint cannot be legitimately construed to charge negligence in the maintenance of the track, or in suffering the track to remain in the condition in which it was originally constructed.

The answers to the first and second interrogatories show that the track was originally constructed by the Southern Indiana Railway Company—a company not named in the complaint. The answer to the third interrogatory shows that the Southern Indiana Railway Company was duly authorized by the common council of the city of Seymour to construct its track across Ewing street.

From the foregoing premises, counsel conclude that while the complaint is on the dual "theory" that the original construction was negligent and unauthorized, the answers to the interrogatories conclusively show that the verdict rests on an entirely different "theory," viz.: negligence in the maintenance.

Is the question presented by this contention involved in the motion for judgment on the interrogatories? The

act which authorizes the submission of inter-
rogatories to a jury is not clear. Acts 1897 p.
128, §572 Burns 1914. It is indefinite and in-
complete. It does not fit other provisions of the Code
(as the Code was at the time this act became effective) ;
and it is difficult, if not impossible, to determine what
provisions of the Code, if any, it has repealed by im-
plication. The use and purpose of the interrogatories,
the force and effect to be given them, when answered,
are not stated in the act. The practice which has been
indulged under the act, as evidenced by the decisions,
is confusing and baffling. It has often been held, how-
ever, that a motion for judgment on the answers to
interrogatories notwithstanding the verdict raises the
question whether or not the answers to the interroga-
tories are in irreconcilable conflict with the verdict.
*Illinois Car, etc., Co.* v. *Brown* (1917), 67 Ind. App.
315, 326. But counsel are attempting here to use that
motion to present a wholly different question, viz.: Are
the answers to the interrogatories in irreconcilable con-
flict with the *complaint?* We are clearly of the opinion
that interrogatories may not be used for that purpose.

There may be several reasons for adopting that view;
but only one will be given. The Civil Code contains
specific directions for the presentation of the pre-
cise question which counsel have sought to
present by the motion for judgment on the inter-
rogatories. The plan prescribed by the Code for pre-
senting that question is ample, direct, simple and
effective. Under the Code, the question is properly
presentable by a motion for a new trial. §§402, 585,
clause 6, Burns 1914, §§393, 559 R. S. 1881. The way of
the Code must be followed. The devious and uncertain
road proposed by the appellant must be shunned. The
determination of the question which counsel have at-
tempted to present by the motion for judgment on the

interrogatories, as answered, necessarily involves a consideration of the evidence; and it is uniformly held that in determining the real question presented by that motion, the evidence will not be considered. *City of Jeffersonville* v. *Gray* (1905), 165 Ind. 26.

Under the third assignment of error, we will consider the contention that the verdict rests on a "theory" wholly different from the one stated in the complaint.

A variance between the allegations and the proof is a common occurrence. In recognition of that fact, the following section was made a part of the Civil Code:

"No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled; and, thereupon, the court may order the pleading to be amended on such terms as may be just." §400 Burns 1914, §391 R. S. 1881.

The purpose of that section is to prevent sacrificing substance to shadow; to avoid subordinating substantive rights to mere procedure; to minimize the expense of litigation; and to facilitate and expedite the administration of justice.

It is a fundamental principle of jurisprudence that a final judgment shall forever put at rest the controversy involved in the litigation. The controversy involved can be determined only from the

3, 4. pleadings, and the pleadings are an essential part of the record. Unless, therefore, the judgment follows the pleading on which it rests, the parties themselves may subsequently become involved in litigation concerning the same subject and then find that the record

affords no means by which to determine exactly what matters were adjudicated in the former litigation.

In view of the Code, it is obvious that every case of deviation is not to be regarded as a change of "theory."

5. How far, then, may one depart from the path designated in the complaint before the deviation will cease to be a variance and become a change of "theory"? In extreme cases, the answer to that question is not difficult to find. It is clear that a plaintiff may not have judgment where he proves over proper objections a cause of action which belongs to a class of actions wholly different from the class to which the cause of action averred in his complaint belongs. And it has been held that proof of an implied contract will not sustain a judgment where the complaint declares on an express contract, and vice versa. *Riley* v. *Walker* (1893), 6 Ind. App. 622; *Louisville, etc., R. Co.* v. *Barnes* (1896), 16 Ind. App. 312. In cases of such wide deviation it is clear that the substantial rights of the defendant are jeopardized. One of the ways in which a defendant would be prejudiced in his substantial rights, if such judgments were permitted to stand, is that in the event of future litigation, his safety would be imperiled by reason of the fact that it would be difficult, if not impossible, to protect himself by invoking the principle of former adjudication.

Does the record now before us disclose a case of variance which might have been cured by amending the complaint? In attempting to reach a satisfactory answer to that question, manifestly the first step should be an examination of the complaint.

Before instituting an action founded upon negligence, it is the duty of counsel in every instance, except where negligence is presumed, to determine for himself 6, 7. the particular act or omission constituting the negligence to be charged and then to state that

act or omission accurately and clearly in the complaint. §343 Burns 1914, §338 R. S. 1881; *Pittsburgh, etc., R. Co.* v. *Nichols, Admr.* (1921), 78 Ind. App. 36; *New York, etc., R. Co.* v. *Callahan* (1907), 40 Ind. App. 223. A disregard of that duty usually results in extended controversy and prolonged litigation which its observance would have avoided. In the case at bar, that duty has been quite imperfectly discharged. While the courts should not encourage slovenly pleading, nevertheless the Code requires that pleadings "shall be liberally construed with a view to substantial justice between the parties." §385 Burns 1914, §376 R. S. 1881.

Does the averment that the defendant "had wrongfully constructed one or more tracks across Ewing street" necessarily relate exclusively to the original construction? Does the word "wrongfully" necessarily mean without governmental authority? We are of the opinion that each question must be answered in the negative. A motion to require the plaintiff to make that averment more definite and certain would have been appropriate (§385 Burns 1914, *supra*); but no such motion was made.

One of the fundamental reasons for requiring a complaint in writing is to inform the defendant of the nature of the plaintiff's cause of action with sufficient definiteness to enable him to prepare his defense. In the case at bar, counsel for the defendant did not claim to have been misled in the preparation of the defense. §400 Burns 1914, *supra.* Indeed they could not have been misled in that respect. The complaint plainly directed their attention to the condition of the track at the Ewing street crossing on the day of the accident, and to the manner in which the accident occurred. At the trial, the defendant was ready with witnesses and was prepared to dispute and did dispute in detail the plaintiff's evidence with re-

spect to the condition of the track and crossing at the time and place of the accident. The "theory" of the complaint, as determined from its general scope and tenor, is negligence; and the particular act or omission constituting the alleged negligence is the fact that the company suffered the track to be in a condition dangerous to pedestrians at the time and place of the accident. The negligence thus alleged was vigorously contested by the defendant. The fact that the defendant treated the averment of negligence as ambiguous and was not content with its effort to contradict the plaintiff's evidence which was directed solely to the condition of the track and crossing at the time and place of the accident, but went further and showed by its evidence that the original construction was by another company and was not without governmental authority, will not deprive the plaintiff of her judgment.

To avoid any misunderstanding, it should be stated that where a plaintiff attempts to prove a negligent act or omission other than the one averred in the complaint, a timely and proper objection should be sustained. Thereupon, it becomes the duty of the court, in the interest of justice, to take charge of the situation. The court may permit the complaint to be then amended. If the complaint be amended, then, if the facts warrant, the defendant may claim a surprise and obtain a continuance. That practice will usually prevent a variance and avoid future trouble. But where the plaintiff's evidence, whatever it may tend to prove, is permitted to be adduced without objection, the defendant may not escape the consequences solely on the ground that there is a mere variance between the proof and the averments of the complaint.

The case has been fairly tried and the record is a complete bar to another recovery for the same injuries.

The amount of damages awarded is not excessive. No other questions are presented.

Judgment affirmed.

### ON PETITION FOR REHEARING.

DAUSMAN, P. J.—The appellant still insists that "the plaintiff must recover on the theory of her complaint or not at all." That statement comes to this court with such frequency that it merits further consideration.

For many years, it has been regarded as a fundamental requirement that the final record of every action which results in a recovery by the plaintiff shall disclose consistency with respect to three things, viz.: the complaint, the verdict, and the judgment. These three elements must be harmonious, accordant, congruous, compatible. 15 R. C. L. 604; 33 C. J. 1139, 1169. The reason for that requirement is not difficult to find; but it need not be discussed now. Indeed it is of little significance in view of our form of verdict and judgment. See 33 C. J. 1153. The fact must not be overlooked, however, that the Civil Code contains certain provisions which have a direct bearing on the subject.

The Code was formulated and adopted in obedience to the mandate of the Constitution (Art. 7, §20, Constitution). One of the purposes of the Code is to ameliorate some of the rigors of the common law, by simplifying the practice, to the end that citizens may be relieved of some of the hazards and hardships of litigation. So long as the Code stands as the law of the state, its provisions should be heeded.

The Code says nothing about the "theory" of a complaint. The simple requirements of the Code are the following:

."The complaint shall contain  *  *  *  a statement of the facts constituting the cause of action, in plain

and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.

"Where the complaint contains more than one cause of action, each shall be distinctly stated in a separate paragraph, and numbered." §343 Burns 1914, §338 R. S. 1881.

The presumption is that when the pleader prepares a complaint, he will state the facts as he understands them. But he may be mistaken. He may have been misinformed. For various reasons, his statement of the facts may not be entirely correct. But even if the facts set forth in the complaint are correct in every particular, yet, for the purposes of the litigation, they must necessarily be regarded as merely postulated facts until they have been established in one of the ways provided by the law for that purpose. They cannot become established facts until they have been confessed by the adverse party or subjected to the test of trial. A trial is an investigation under the direction and control of the state for the purpose of discovering the truth and establishing the facts upon which the sentence of the law may be pronounced. §542 Burns 1914, Acts 1881 p. 240; *Ellenberg* v. *Southern R. Co.* (1908), 5 Ga. App. 389, 63 S. E. 240. See *Schwindt* v. *Graff* (1924), 142 N. E. (Ohio) 736, 739.

It frequently occurs that the facts established by trial are at variance with the postulated facts averred in the complaint. Now, where the facts established by trial show clearly that the plaintiff is entitled to recover, although the facts thus established are at variance with the postulated facts stated in the complaint, and the trial has been full and fair, what ought to be done? Should the litigants be put to the trouble and expense of another trial merely for the purpose of bringing the complaint into accord with the

facts established by the verdict? To do that would be to sacrifice the substantial rights of citizens to the art of pleading. The sensible thing to do in such cases is to require the plaintiff to restate the facts in an amended complaint in order that the facts therein averred may conform to the facts established by trial. The Code contains a provision precisely for that purpose:

"After trial and before final judgment, the court may, in its discretion and upon such terms as may be deemed proper for the furtherance of justice, order that any pleading be amended by correcting any mistake in name, description, legal effect, or in any other respect; or by inserting, striking out, or modifying any material allegation, in order that the pleadings may conform to the facts proved, where the amendment will not deprive a party of any substantial right." §405 Burns' Supp. 1921, Acts 1921 p. 277.

In every case of variance the trial court should require the plaintiff to file an amended complaint before rendering judgment in his favor. But if that important duty should be neglected, then by virtue of another provision of the Code the appellate tribunal will treat the complaint as having been amended. §700 Burns 1914, §658 R. S. 1881.

It is essential to a full and fair determination of appellant's contention that we shall ascertain, if possible, what is meant by the "theory" of a complaint.

In the case of *Western Union Tel. Co.* v. *Reed* (1884), 96 Ind. 195, the court had to deal with a complaint which was somewhat distressing. Evidently that complaint was drafted by a careless or an incompetent pleader. The court was perplexed. It had difficulty in determining whether the plaintiff was seeking to recover a statutory penalty or special damages resulting from negligence. The appellee had filed no brief. The

court decided that the complaint did not state a cause of action founded on the statute authorizing the recovery of a penalty in certain cases, nor did it state a cause of action founded on common-law negligence. In other words, the court held that the complaint did not state a cause of action of any kind. On petition for a rehearing, the appellee filed a brief in which he contended that the complaint stated a cause of action founded on negligence. The learned judge who wrote the opinion on the petition for a rehearing, emphasized the idea that it is necessary that every pleading shall conform to some definite "theory." (He had expressed the same idea in several earlier cases.) A patient consideration of what he said on that occasion, taking into account the relation of his statements to the original opinion, has led to the conclusion that he did not mean to inject into the subject of pleading anything new or mysterious. Nevertheless, the Reed case has been used in many subsequent cases as authority for a great variety of statements concerning the "theory" of a pleading. 1 Watson's Revision Works Practice §330.

It is desirable that in every complaint the facts shall be stated with precision and with due regard for logical sequence. It is desirable that every complaint shall be skillfully drafted, so that the intent and purpose of the pleader will be spontaneously revealed, or at least may be readily ascertained. But that cannot be exactly what is meant by the "theory" of the complaint; for perfection in pleading is not essential. However awkwardly drafted, however inferior in point of rhetoric, if a complaint states facts sufficient to constitute a cause of action, it may not be held utterly worthless.

An attentive study of a large number of cases has led to the conviction that wherever it has been said that a complaint must proceed upon a definite "theory,"

which is to be determined from the general scope and tenor of the complaint, nothing more or less is meant than the complaint must reveal the character of the action—the nature of the action. (See Supreme Court Rule 22, clause 1.) More definitely stated: a complaint must be so drafted as that, from its general scope and tenor, the court may determine whether it states a cause of action founded on negligence or fraud; whether it is an action for replevin or ejectment; whether it is an action to foreclose a mortgage or to quiet title; or whether it is an action of some other kind. In yet other words: a complaint must be so drafted that the court may see to what class of actions the cause of action therein stated belongs, and may know what branch of the law is applicable. See *Mescall* v. *Tuley* (1883), 91 Ind. 96; *Fedder* v. *Field* (1889), 117 Ind. 366; *Monnett* v. *Turpie* (1892), 132 Ind. 482; *Mark* v. *North, Admr.* (1900), 155 Ind. 575.

In the case at bar, the "theory" of the complaint is negligence; and the three essential points of the record, viz.: the complaint, the verdict, and the judgment, are in perfect alignment insofar as that "theory" is concerned. If it may be said that there is a variance between the averment and the proof with respect to a particular fact, the complaint in that regard is deemed to have been amended.

Is "theory" an apt word to denote the idea intended? Are the statements concerning the "theory" of a pleading helpful or harmful in the administration of justice? Deference requires that we withhold our answer. It should be noted, however, that the statement that every pleading must proceed upon a definite theory, seems to be peculiar to this jurisdiction. 21 R. C. L. 455; 31 Cyc 84.

The original opinion has been slightly modified, and the petition for a rehearing is denied.