LINDLEY *v.* SKIDMORE

[No. 16,254.   Filed May 6, 1941.]

*Fenton, Steers, Beasley & Klee,* of Indianapolis, *Charles D. Hunt,* of Sullivan, and *Moffett & Moomaw,* of Bloomfield, for appellant.

*Charles H. Bedwell,* of Sullivan, *George W. Wells,* of Terre Haute, and *James M. Hudson,* of Bloomfield, for appellee.

FLANAGAN, J.—This is an action brought by appellee against appellant, based on alleged negligence, to recover damages alleged to have been caused by an accident on the 27th day of June, 1936, in consequence of a collision between an automobile driven by appellant and an automobile driven by appellee at the intersection of Indiana State Highway No. 54 with United States Highway No. 41, approximately three-fourths of a mile south of the city of Sullivan, Indiana. Highway No. 41 is a preferential highway running north and south. Highway No. 54 approaches highway No. 41 from the east intersecting but not crossing No. 41, so as to form a "T". Appellee approached the intersection driving west on highway No. 54. Appellant approached the intersection driving north on highway No. 41.

The cause was tried to the court and a jury. The jury returned a verdict for the appellee upon which the court rendered judgment. Appellant filed a motion for a new trial which was overruled and this action of the trial court is assigned as error on appeal. The causes alleged for a new trial and not waived are; (1) that the verdict was not sustained by sufficient evidence; (2) that it was contrary to law; (3) error in refusal to give to the jury instructions numbered 16, 24, 31, 33, 34, and 44 tendered by appellant; and (4) error in

giving instructions numbered 22, 31, 33, and 34 by the court on its own motion.

Under his first two causes for a new trial, appellant asserts that the evidence conclusively shows that appellee was guilty of contributory negligence. Appellant contends that the established physical facts conclusively show that appellee drove onto the preferential highway without first stopping and in disregard of the stop signs. On that point we cannot agree with appellant. The ultimate physical facts depended upon by appellant are the positions of the two automobiles at the time of the collision. These ultimate facts are sought to be established by circumstantial evidence, including the location of skid marks, an oil spot, broken glass, and the automobiles themselves after the accident. On each of these points the evidence is in dispute. By at least one witness the skid mark of the right front wheel of appellant's car is placed three or four feet off highway No. 41 east on highway No. 54 and there is no conclusive evidence that the end of the skid mark is the actual point of collision. The oil mark, which evidently came from the broken crank-case of appellant's car was placed by at least one witness six feet off highway No. 41 east on highway No. 54. The same is true with regard to the location of the broken glass. From this evidence the jury was justified in finding that the car of appellee was entirely east of the east line of highway No. 41 at the time of the collision.

But even assuming that appellant is right in his contention that appellee's car had entered the intersection and without stopping, it does not necessarily follow that appellee was guilty of contributory negligence. The question as to whether such negligence on the part of appellee was a contributing cause of his injuries was for the jury. *Keltner* v. *Patton*

(1933), 204 Ind. 550, 185 N. E. 270; *Standard Oil. Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. (2d) 336.

Appellant contends that if the evidence shows that appellee's automobile had entered the intersection at the time of the accident, there is a fatal change in the theory of appellee's complaint which alleges that appellee's automobile was stopped and standing immediately to the east of the east line. of highway No. 41. Such a variance would not in any way change the theory of the complaint. For a discussion of the theory of a pleading, see *Chicago, etc., R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 142 N. E. 634, 143 N. E. 712. If such variance between the proof and the allegation of the complaint exists as should require the complaint to be amended to conform with the proof in the trial court, it will be considered as so amended here. § 2-3231, Burns' 1933; *Chicago, etc., R. Co.* v. *Collins, supra.*

Appellant's tendered instructions numbered 16, 24, 31, 33, 37, and 44 were on the subject-matter of the duties of appellee and the rights of appellant in approaching this intersection in view of the fact that highway No. 41 was preferential and in view of the signs and markings on highway No. 54. Upon examining the instructions given by the court of its own motion, we find that the jury was fully and fairly informed on that subject and on all the issues in the case, including all elements of appellant's defense. Appellant was therefore not harmed by the failure of the court to give the particular instructions requested by him.

Instruction number 22 given by the court of its own motion was to the effect that the plaintiff was only

required to prove one of the several acts of negligence alleged in his complaint. Appellant complains that this instruction omits the element of proximate cause. In other instructions the jury was advised on the subject of proximate cause. The charge is to be read as a whole and when so read this instruction is not subject to the objection made. This precise question was decided by this court in the case of *Hoeppner* v. *Saltzgaber* (1936), 102 Ind. App. 458, 468, 200 N. E. 458.

Instructions number 31, 33, and 34 given by the court of its own motion were to the effect that the fact that appellant was driving on a preferential highway did not relieve him of the duty to exercise reasonable care. These instructions are correct and proper statements of the law as determined by this court in the cases of *Blasengym* v. *General Accident, etc., Corp.* (1929), 89 Ind. App. 524, 165 N. E. 262; *Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297; *Standard Oil Co. of Ind.* v. *Thomas, supra.*

Appellant also asserts that in said instructions 31, 33, and 34 the court unnecessarily repeats its charge that one using a preferential highway is not relieved of the duty to exercise reasonable care, so as to over-emphasize that particular phase of the case. We do find unwarranted repetition, which is not to be commended, but its effect is not sufficiently harmful to justify reversal.

Finding no reversible error in the record, judgment is affirmed.

Bedwell, J., not participating.

NOTE.—Reported in 33 N. E. (2d) 797.