NATIONAL ROLLING MILL COMPANY *v.* HEISHMAN.

[No. 11,667. Filed November 15, 1923. Rehearing denied January 10, 1924.]

MASTER AND SERVANT.—*Employment of Young Persons.—Action for Injuries.—Contributory Negligence no Defense.—Statute.—* In an action by a "young person," as defined in the "Factory Act" (Acts 1899 p. 231, §8021 *et seq.* Burns 1914), for damages for personal injuries received while she was employed in violation of the provisions of said act, contributory negligence is no defense.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by Tina Heishman against the National Rolling Mill Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Kessinger & Hill, Baltzell & Baltzell* and *W. M. Alsop,* for appellant.

*Curtis G. Shake, Joseph W. Kimmell* and *T. Morton McDonald,* for appellee.

NICHOLS, J.—Action by appellee, by her next friend, against appellant, wherein she seeks to recover damages for injuries to her health by reason of her employment by appellant while at an age prohibited by what is commonly known as the Factory Act, Acts 1899 p. 231, §8021 *et seq.* Burns 1914, and for certain other violations of the prohibitions of

such act.  Appellant relies for reversal upon the overruling of its motion for a new trial, presenting thereunder as the only error complained of the court's action in giving instruction No. 9.  This instruction is as follows: "If you find from a preponderance of the evidence in this case that the defendant failed to comply with certain provisions of the 'Factory Act' of this state, which provisions of the 'Factory Act' applicable to this case have heretofore been set forth in these instructions, then, you are instructed that said defendant cannot defend this action upon the ground that the plaintiff, Tina Heishman, did some act or acts, in connection with her employment, that contributed to the injuries of which she complains."

The certain provisions of the "Factory Act" referred to in the instruction are found in instruction No. 4 given by the court which instruction is as follows: "It shall be the duty of every person employing young persons under the age of sixteen years to keep a register, in which shall be recorded the name, birthplace, age and place of residence of every person employed by him under the age of sixteen years; and it shall be unlawful for any proprietor, agent, foreman or other person connected with a manufacturing or * * * establishment * * * to hire or employ any young person to work therein without there is first provided and placed on file in the office an affidavit made by the parent or guardian, stating the age, date and place of birth of said young person; if such young person have no parent or guardian, then such affidavit shall be made by the young person, which affidavit shall be kept on file by the employer.  No child under the age of sixteen years shall be employed or permitted to work * * * in any employment where their health may be injured.  Nor shall girls under the age of eighteen years be employed in any capacity where such employ-

ment compels them to remain standing constantly. A suitable and proper wash room and water-closets shall be provided by the owner, agent or lessee in each establishment above enumerated, and such water-closets shall be properly screened and ventilated and be kept at all times in a clean condition, with no less than one seat for each twenty-five persons, and one seat for each fraction thereof above ten, employed in such establishment; and if women and girls are employed in any such establishment, the water-closets used by them shall have separate approaches and be separate and apart from those used by the men. * * * And the employer of such women and girls shall provide a suitable seat for the use of each female employe placed conveniently where she works, and shall permit the use of the same when she is not necessarily engaged in the active duties for which she is employed, and such seats shall be constructed or adjusted where practicable so as to be a fixture and not obstruct such female when actually engaged in the performance of such duties when such seat cannot be used. No child under sixteen years of age shall be employed or permitted to work in any gainful occupation other than farm work or domestic service, more than forty-eight hours in any one week or more than eight hours in any one day, unless the employer shall have first procured the written consent of the parent, legal or natural guardian of said child, but in no event shall any such child work at any gainful occupation other than farm work or domestic services more than fifty-four hours in any one week or nine hours in any one day. No child under sixteen years of age shall be employed or permitted to work in any gainful occupation other than farm work or domestic service, before the hour of seven in the morning. Not less than sixty minutes shall be allowed for the noon-day meal in any aforesaid establishment in the state."

There were averments in the complaint as to violations of each of these provisions, and evidence to sustain the same.   Appellant challenges the instruction because it undertakes to declare the law to be that appellant cannot defend this action upon the ground of contributory negligence, and that it emphasizes that contributory negligence is not a defense to an action predicated on the theory of injury resulting from violation of the "Factory Act."   Appellant states the rule to be that where employment is absolutely prohibited by statute, contributory negligence is not available as a defense, but where the employment is not prohibited by statute, but certain requirements are made before employment, then contributory negligence is available as a defense, citing to sustain the rule *Gifford* v. *Haynes Automobile Co.* (1922), *ante* 95, 136 N. E. 88.  We may say that appellee also relies upon this authority. Had the employment of appellee been in violation only of the first provision set out in instruction No. 4, above, the Gifford case would certainly be in point, in favor of appellant.   But appellant was absolutely prohibited to employ appellee in violation of other provisions of the statute as set out in such instruction, and it appearing by the averments of the complaint, and by proof, that appellant had violated such provisions, and that the same had resulted in appellee's injury, contributory negligence was not a defense.   Numerous authorities cited in the Gifford case sustain this conclusion.   There was no error in giving the instruction.

Judgment affirmed.