GENERAL PRINTING CORPORATION *v.* UMBACK, ADMINISTRATRIX.

[No. 14,755.   Filed April 20, 1935.]

*James M. Barrett, Jr., Phil M. McNagny,* and *Leigh L. Hunt,* for appellant.

*Guy Colerick,* and *Samuel D. Jackson,* for appellee.

WOOD, J.—Appellee, as administratrix of the estate of her husband, Frank J. Umback, deceased, brought suit against the appellant by her complaint, the third paragraph of which is the only one in the record, to recover damages sustained because of his death, as the result of alleged negligent conduct on behalf of appellant.

This paragraph of complaint was predicated upon the "Employer's Liability Law," Acts 1911, p. 145, §40-1101, Burns 1933, §10100-1, Baldwin's Ind. St. 1934. The material part thereof charging negligence of appellant is in the following language:

"That during said period the defendant owned and operated as a part of its said manufacturing establish-

ment and printing office said department in which cards and paper and other materials and devices were painted and dyed by means of application thereon of various paints, dyes and chemicals and other materials, the exact chemical analysis and content of which are unknown to this plaintiff.

"That during said months and years immediately preceding December 3, 1928, in said place and workroom owned and operated by said defendant in which plaintiff's decedent was employed, the defendant carelessly and negligently and unlawfully failed to provide proper and suitable ventilation and means of ventilation and ventilating devices to free the air and atmosphere in said workroom and at the place where plaintiff's decedent was required by his employment to work; so that as a consequence of said negligence and carelessness on the part of the defendant the place where said plaintiff's decedent, as aforesaid, was required to and did work was dangerous, unsafe, unlawful, and deadly to persons required to work therein, including this plaintiff's decedent.

"That the chemicals, dyes and paints used by this plaintiff's decedent and his co-employes were of such a nature and character that they were applied by sprays, brushes and other devices, as a necessary consequence of which the air became laden with said chemicals, paints and dyes; and the plaintiff's decedent, working therein, came in contact with the same by means of the same being applied to his body internally and externally in the proper pursuit of his employment and the discharge of his duty as such employe of such defendant.

"That the plaintiff's decedent had no means of knowing, until his injury, as hereinafter more particularly described, that said place was not a safe workroom or place in which to work and was not properly and carefully ventilated by the defendant and that the place in which he was required so to work was dangerous and

deadly to him; and that the defendant knew, or by the exercise of reasonable care and caution should have known, that said workroom in which said decedent was required by said defendant to work was not properly ventilated and that said workroom continued to be dangerous and deadly to this plaintiff's decedent.

"Plaintiff further says that by virtue of the unlawful and unsafe condition of the workroom in which plaintiff's decedent was so employed, and as a direct and proximate result thereof, the body of plaintiff's decedent became injured, afflicted by means of said dyes, chemicals and paints coming in contact therewith; that as a direct and proximate result of the carelessness and unlawfulness and negligence of the defendant, as herein set forth and alleged, plaintiff's decedent became injured and afflicted and consequently disabled about December 3, 1928, and languished from the direct and proximate result of the damage done to him by said carelessness, negligence and unlawfulness until the 15th day of February, 1929, at which time he died as a result thereof.

"That the life of the plaintiff's decedent was taken by this defendant by its carelessness, negligence and unlawfulness in causing said workroom where said plaintiff's decedent was required to work, as aforesaid, to be dangerous, unsafe, unlawful and deadly and by failing to provide plaintiff's decedent with a safe place in which to work and to provide proper ventilators, proper ventilation and lawful ventilating devices to be installed therein, and by unlawfully permitting said workroom to become filled and continue to be filled and laden with paints, chemicals and dyes, of a dangerous and deadly nature, all through the defendant's own carelessness and negligence and unlawfulness, as herein particularly described."

Appellant challenged this complaint by demurrer, alleging two causes therefor: First, that it did not state

facts sufficient to constitute a cause of action; second, that the court had no jurisdiction over the subject-matter of the alleged cause of action. These two causes of demurrer were supported by several paragraphs of memoranda. This demurrer was overruled.

Appellant filed an answer is three paragraphs, the first was a general denial, the second pleaded the two-year statute of limitation, the third alleged that the decedent died as the result of an accident arising out of and in the course of his employment by appellant; that both appellant and decedent had accepted the provisions of the Workman's Compensation Law of the state of Indiana, and therefore the Allen Superior Court No. 2 did not have jurisdiction of the cause; that it was vested exclusively in the Industrial Board of Indiana. The appellee filed a reply in general denial to the second and third paragraphs of answer.

On these issues the cause was submitted to a jury for trial, which returned a verdict for appellee, on which judgment was rendered in her favor. Within proper time appellant filed a motion for a new trial, which was overruled. The only cause therefor discussed by appellant and requiring our attention is that the verdict of the jury was contrary to law.

Appellant appeals assigning as errors for reversal, that the court erred in overruling its demurrer to appellee's third paragraph of complaint, and that the court erred in overruling its motion for a new trial.

These two errors present but a single question for our consideration, namely: was the accident and injury described in the third paragraph of complaint, and as shown by the evidence, most favorable to appellee, an accident arising out of and in the course of decedent's employment by appellant, so that the only remedy which appellee had to recover damages was granted by and confined solely to the provisions of the Indiana Workman's Com-

pensation Act, Acts 1915, p. 392, §9451, Burns 1926, §40-1206, Burns 1933, §16382, Baldwin's 1934. We therefore consider the errors together.

The provisions of the "Indiana Workman's Compensation Act," *supra*, together with any amendments made thereto and in force previous to February 15, 1929, are controlling insofar as they determine any of the respective rights of the parties to this action. Paragraph (d) of §76 of said act as amended by Acts of 1919, p. 175, §9521, Burns 1926, §40-1704, Burns 1933, provides that, " 'injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not include a disease in any form except as it shall result from the injury." It is appellee's contention that her decedent died as the result of a disease brought about because of the negligence of appellant, and not because of a disease resulting from an injury by accident arising out of and in the course of his employment by appellant; that therefore her remedy for relief did not lie with the Industrial Board, but that she was compelled to resort to the common law as supplemented by the Employer's Liability Act, 1911, see §40-1111, Burns 1933, §10100-11, Baldwin's Ind. St. 1934, for redress of the wrongs suffered by her.

Neither the sufficiency of the facts alleged in the third paragraph of complaint to state a cause of action, nor the sufficiency of the evidence to sustain the verdict of the jury is questioned by appellant.

The complaint alleges that the death of appellee's decedent was the proximate result of appellant's negligent failure to furnish him a safe place in which to work as provided by §§40-1013 and 40-1011, Burns 1933, §§10085 and 10072, Baldwin's Ind. St. 1934. It is upon the theory of disease resulting because of the negligent failure of appellant to comply with positive statutory provisions regulating the construction, equipment, and

ventilation of buildings and work rooms, where certain kinds of occupations and industries are conducted and carried on, of which negligent failure the decedent had no knowledge and which negligence was the proximate cause of his illness and ultimate death.

Section 7 of the Employer's Liability Act, being §40-1107, Burns 1933, §10100-7, Baldwin's Ind. St. 1934, provides that: "All questions of assumption of risk, negligence or contributory negligence shall be questions of fact for the jury to decide, unless the cause is being tried without a jury, in which case, such questions shall be questions of fact for the court."

Appellant urges with much force, that the decedent's death was the result of an injury by accident arising out of and in the course of his employment and that therefore any right or remedy which the appellee had was under §6 of the Workman's Compensation Act, being §9451, Burns 1926, was limited exclusively to the terms of that act. It was not the purpose and intent of the legislature, by the enactment of the Workman's Compensation Act, to narrow the rights of an injured employee as they existed at the common law. *In re Bowers* (1917), 65 Ind. App. 128, 116 N. E. 842; *In re McCaskey* (1917), 65 Ind. App. 349, 117 N. E. 268; *Shinnick* v. *Clover Farm Co.* (1915), 152 N. Y. S. 649.

An examination of the authorities discloses that the line of demarcation between a disease resulting from injury by accident and a disease not caused from injury by accident is in many instances shadowy, and no definite and certain rule can be laid down which in all cases distinguishes between them. In almost every instance, each case has its own peculiar features, which, without doubt, exert a dominating influence upon the decision of the court. The facts in the case before us, it must be conceded, border on the

dividing line, but we are of the opinion, that they cast it without rather than within the purview of the Workman's Compensation Act.

"Accident" as the word is used in this act, has been repeatedly defined by this court as an unlooked for mishap, an untoward event, which is not expected or designed. *General, etc., Corp.* v. *Weirick* (1921), 77 Ind. App. 242, 133 N. E. 391; *Brewer* v. *Veedersburg Paver Co.* (1931), 92 Ind. App. 547, 177 N. E. 74. In the case of *General, etc., Corp.* v. *Weirick, supra,* this court cited and quoted with approval from the case of *Western Commercial Traveler's Ass'n.* v. *Smith* (1898), 85 Fed. 400, 40 L. R. A. 653, where the phrase "accidental means" was discussed and defined, in the following language: "An effect which is not the natural or probable consequence of the means which produced it, an effect which does not ordinarily follow and cannot be reasonably anticipated from the use of those means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing under the maxim to which we have averted, is produced by accidental means. It was produced by means which were neither designed nor calculated to cause it. Such an effect is not the result of design, cannot be reasonably anticipated, is unexpected, and is produced by an unusual combination of fortuitous circumstances; in others words, it is produced by accidental means."

Whether appellee's decedent died as the result of a disease from injury by accident arising out of and in the course of his employment, or whether his death was the result of the negligent ventilation of the work room in which he performed his labors, unattended by any injury because of accident, was a question of fact properly submitted to the jury under the issues tendered.

The evidence, insofar as it relates to the cause of decedent's death, that is whether he died from lead poisoning, whether the air was laden with poisonous substances in the room in which he worked, and whether the room was properly and sufficiently ventilated, was conflicting. While an examination of the record fails to disclose any evidence, that the day on which he became sick, the paints, dyes, and chemicals were of any different kind, character, or quality, that the manner and method of their preparation, mixture, and means of application was any different, that the room, working conditions, and environment in and under which he worked were any different from what they had been at all times during the period of his employment, that anything unusual, unexpected, extraordinary or untoward event happened or occurred on that day or at any time previous thereto.

In support of its contention, appellant cites and relies upon several authorities from other jurisdictions. What constitutes compensable injury and disease as defined by the compensation acts of the various states is so much at variance, that the decisions from those states construing their meaning and application afford but little assistance and cannot be regarded as controlling in the instant case. In the case of *Brewer* v. *Veedersburg Paver Co., supra,* this court said, "So far as we are able to discover, however, all the states with statutes similar to our statute are unanimous in holding that, in order for a disease to be compensable, it must arise 'by accident'; that is, it must be caused by some fortuitous, unusual, untoward, not forseen, not anticipated event." See also *Buenker* v. *Union Furniture Co.* (1932), 95 Ind. App. 84, 181 N. E. 294.

As sustaining its contention, appellant cites and seems to rely especially upon the case of *Victory Sparkler and Specialty Co.* v. *Francks* (1925), 147 Md. 368,

128 Atl. 635. In that case, appellant was a manufacturer of fireworks, appellee a young girl, was an employee in its "spit devil department" where sometime during the years 1921 to 1923, or parts thereof, she gradually contracted a disease known as phosphorous poisoning through the inhalation of dangerous and noxious gases and fumes wrongfully and negligently permitted and allowed to collect in the place where she worked, without warning or notice to her, resulting in her sickness, and requiring a serious operation on her lower jaw. Suit was brought upon the theory that her injury was not an accidental injury but an occupational disease and not within the compensation act and a judgment for damages was awarded her. The court in reversing this judgment held that her injuries were accidental as defined by the Maryland statute and that her remedy was under the compensation act. The court recognized that the courts of other states had reached conclusions different from theirs, which was attributed to the fact that such conclusions were controlled by the wording of the respective statutes which were substantially different from the Maryland statute. In pointing out some of the reasons for this distinction, the court said: "It will be observed that the statutory definition of a compensable injury under the Maryland act is not that it is an 'accident,' or that it is an injury 'by accident,' but that it must be 'accidental injuries.' The difference is important, as it marks the divergence between the thing or the event (i. e. accident) and a quality or a condition (i. e. accidental) of that thing or event. As the substance carries the idea of something happening unexpectedly at a time and place, the term 'accident' or 'injury by accident' has been consistently construed by the courts to embrace two different notions: the first is that of unexpectedness, and the second, that of an injury sustained on some definite occa-

sion, whose date can be fixed with reasonable certainty. The adjective 'accidental' is not a technical term but a common one, whose popular usage would not necessarily mean that the words 'accidental injuries' indicated the existence of an accident, but rather the idea that the injury was either unintended or unexpected. See 25 Harvard Law Review, pp. 338, 342. In the term 'accidental injuries,' the substantive 'injuries' expresses the notion of the thing or event, i. e., the wrong or damage done to the person; while 'accidental' qualifies and describes the noun by ascribing to 'injuries' a quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally." See also, *Gunter* v. *Sharp and Dohme, Inc.* (1930), 159 Md. 438, 151 Atl. 134. In the case of *Depre* v. *Pacific Coast, etc., Co.* (1927), 145 Wash. 263, 259 Pac. 720, the court in commenting upon the Victory Sparkler case said: "That decision appears to be contrary to the weight of authority."

In the case of *Morrison* v. *Tennessee, etc., Co.* (1931), 162 Tenn. 523, 39 S. W. (2nd) 272, the appellant brought suit for damages for injuries sustained from the inhalation of dust, fumes and gases while working in appellee's coal mine, because of its negligence in failing to furnish proper ventilation, equipment and air courses. The lower court held, "that because the declaration charged the injuries complained of were due to the negligent acts of defendant and not an occupational disease, the declaration accordingly stated a case coming within the Workman's Compensation statutes, and did not state a common law action arising under the statute (other than the Workman's Compensation statute) governing the operation of coal mines and providing for the ventilation thereof." The Tennessee statute defining "injury" and "personal injury" with the exception of the insertion of the word

"naturally" before the word "result" was in identically the same language as our own. The Supreme Court in reversing the case and holding that the declaration stated a good cause of action said:

"According to the declaration herein, the disease of the plaintiff came about as a natural result of the inhalation of dust, gases and fumes present in the mine. Certainly then there is no unforseen, unexpected nor fortuitous result involved.

"Moreover, we are unable to see anything unforeseen, unexpected or fortuitous in the cause of plaintiff's injuries, as that cause is stated in the declaration. Whether the defendant was negligent, or whether it exercised due care, in the selection of the tools furnished plaintiff, and the preparation of a place for plaintiff to work, seems immaterial here. No element of casualty appears about the selection of the tools or the preparation of the working place, nor does any element of casualty appear in the operation of such tools by plaintiff, nor in the pursuit of his activities by plaintiff in the particular working place. So far as we know negligence of the employer is not taken into account in cases arising under Workmen's Compensation Statutes."

We have examined the other authorities cited by appellant in support of this contention. To distinguish the facts in those cases from the facts presented by the record before us would serve no good purpose and would unduly extend this opinion. Suffice it to say, that in all those cases the facts were such, that they are distinguishable from the facts here in question, and warranted the court in each instance in determining that the injury sustained was caused by accident as heretofore defined.

It is quite essential in the consideration of this case, that we do not lose sight of the fact, that the issue

raised under this appeal is not whether appellee's third paragraph of complaint, and the evidence submitted in support thereof was sufficient to sustain a cause of action at common law, but whether her remedy and right to recover, whatever the merits of her cause might be, was at common law as supplemented by the Employer's Liability Law and not under the Workmen's Compensation Act. The answer to this query depends upon the character and cause of the disease from the direct result of which the decedent died.

It is the contention of appellee, that her decedent died as the result of an occupational disease, contracted during the period of time that he was in the employ of and worked for appellant as a proximate result of appellant's negligence and failure to comply with the Employer's Liability Act, *supra*. If appellee's contention is correct, then her remedy for redress would be under the common law as supplemented by the Employer's Liability Act, and not by resort to the Workmen's Compensation Act. The jury by its verdict found that an occupational disease was the proximate cause of the decedent's death. The sufficiency of the evidence is not questioned and we are bound by the jury's verdict unless it is contrary to law. "A disease" said the court in the case of *Industrial Commission of Ohio* v. *Roth* (1918), 98 Ohio 34, 120 N. E. 172, "contracted in the usual and ordinary course of events, which from the common experience of humanity is known to be incident to a particular employment, is an occupational disease, and not within the contemplation of the Workmen's Compensation Law."

One of the tests resorted to by the courts to distinguish an occupational disease from a disease resulting from injury caused by accident, is, that, "it must be traceable to a definite time and place of origin. There

must be some definite thing happen which can be pointed to as the immediate cause of the breakdown, although the employee may have been able to work in similar conditions for a considerable period of time prior to the happening of the event which was the immediate cause of his breakdown." *Peru Plow Co.* v. *Industrial Commission* (1924), 311 Ill., 216, 142 N. E. 546; *Smith* v. *International High Speed Steel Co.* (1923), 98 N. J. L. 574, 120 Atl. 183; *Barron* v. *Texas Employer's Ins. Co.* (1931), (Tex.), 36 S. W. (2nd), 464; *Gunter* v. *Sharp and Dohme, supra.*

We therefore conclude, as found by the jury, that the disease and death ensuing therefrom of appellee's decedent, as set out and described in the third paragraph of complaint was not a disease resulting from injury caused by accident, bringing it within the provisions of the Workmen's Compensation Act, and that the appellee properly brought her action in the courts of law, to redress whatever wrongs she may have suffered as a proximate result of appellant's negligence, for which she was entitled to relief. *Depre* v. *Pacific Coast Forge Co., supra; Depre* v. *Pacific Coast Forge Co.* (1929), 151 Wash. 430, 276 Pac. 89; *Zajkowski* v. *American Steel and Wire Co.* (1918), 258 Fed. 9, 6 A. L. R. 348 (where *Industrial Commission* v. *Roth* is distinguished); *Peru Plow and Wheel Co.* v. *Industrial Commission, supra* (where the case of *Matthiesson & Hegeler Zinc Co.* v. *Industrial Board* [1918], 284 Ill. 378, 120 N. E. 249, is distinguished); *Pellerin* v. *Washington Veneer Co.* (1931), 163 Wash. 555, 2 Pac. (2nd) 658; *Jellico Coal Co.* v. *Adkins* (1923), 197 Ky. 684, 247 S. W. 972; *Hatcher* v. *Globe Union Mfg. Co.* (1932), 170 Wash. 494, 16 Pac. (2nd) 824; *Trout* v. *Wickwire, etc., Corp.* (1922), 195 N. Y. S. 528; *Smith* v. *International High Speed Steel Co., supra; Morrison* v. *Tennessee Coal Co., supra.*

It is contended by appellant that, for the purpose of determining whether the disease causing the decedent's death was compensable under the Workmen's Compensation Act, the duty would devolve upon the Industrial Board to inquire whether it was a disease resulting from injury caused by accident arising out of and in the course of the employment, or whether it was a disease resulting from negligence. The right to compensation under the Workmen's Compensation Act is not dependent upon negligence of the employer, so that is a question concerning which the Industrial Board has no reason to make inquiry for the purpose of determining that right. The liability of the employer arises from the Compensation Act and not from any wrong committed by him. *In re Loper* (1917), 64 Ind. App. 571, 116 N. E. 324; *Crawfordsville, etc., Co.* v. *Starbuck* (1924), 80 Ind. App. 649, 140 N. E. 64, 141 N. E. 7; *Barlow* v. *United States, etc., Works* (1925), 83 Ind. App. 646, 148 N. E. 424.

We find no error and the judgment is affirmed.