## IN RE: JEFFERIES.

[No. 16,169. Filed May 13, 1938.]

*James L. Murray,* for appellant.

*Wade Free,* for appellee.

Wood, J.—Pursuant to Par. (f) of Sec. 20 of "The Indiana Workmen's Occupational Diseases Act," Chap. 69, Acts 1937, p. 334, the Industrial Board has certified to this court, for its decision and determination, a statement of facts and a question of law as follows:

"Jefferies was employed at Warsaw, Indiana, by the Dalton Foundries, Incorporated, an Indiana

corporation for a period of approximately six consecutive years and during his period of employment was constantly exposed and subjected to the inhalation of silica dust, from the inhalation of which said dust Jefferies became afflicted with silicosis in its secondary stage.

"That Jefferies at no time during the period of his said employment suffered any degree of disablement nor was unable to perform his duties and earn full wages by reason of the disease of silicosis.

"That said disease is of such a character and has progressed to such a degree within the body of Jefferies that it would be further injurious to his health to continue his employment in any occupation where he would be further subjected to and exposed to the further inhalation of dust, but is physically able to perform ordinary manual labor in any normally dust free atmosphere.

"Jefferies was relieved from his employment by action of his employer on the 23rd day of July, 1937, upon a physical examination disclosing the fact that he was suffering from the disease of silicosis."

It will be observed that the Industrial Board failed to certify, as a fact, that the employer has elected to provide and pay compensation according to the terms of the act, as provided by Par. (a) of Sec. 4 thereof. We will assume that this fact is true, though not certified by the Industrial Board.

The purposes to be accomplished by the Workmen's Compensation Act and the rules controlling its administration and construction have been repeatedly announced by this court. It is not necessary that we again restate them. It is sufficient to assert that they are applicable to the Workmen's Occupational Diseases Act.

The only question which we are called upon to answer is whether or not on the certified facts, supplemented by the assumed fact, Jefferies, under the provisions of Par. (a), Sec. 26, of the act, is entitled to receive compensation for disability, Par. (d), Sec. 5, or for permanent

partial impairment, Par. 8 of Par. (d), Sec. 8, because "of becoming disabled from earning full wages at the work in which (he) the employee was engaged when last exposed to the hazards of the occupational disease (in this case silicosis) by the employer from whom he claims compensation, or equal wages in other suitable employment." Par. (d), Sec. 8.

In making answer to the certified question, it is essential that we keep in mind the fact that, in the enactment of the Workmen's Occupational Diseases Act, the legislature created new rights and remedies not theretofore existing under the common law or statutes of this state. 1 Schneider's Workmen's Compensation Law (2d ed.), Sec. 1. Within the scope of its operation, this law is exclusive. No rights are conferred and no benefits derived therefrom except such as are specifically provided for therein. The persons by whom such rights are to be exercised are confined to those included within the act. *Wenning* v. *Turk* (1921), 78 Ind. App. 355, 135 N. E. 665.

Par. (a) of Sec. 26 reads as follows: "An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists. The employer liable for the compensation provided for in this act shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease claimed upon regardless of the length of time of such last exposure, provided, that in cases of silicosis or asbestosis, the only employer liable shall be the last employer in whose employment the employee was last exposed during a period of sixty days or more after the effective date of this act, to the hazard of such occupational disease, and in such cases, an exposure during a period of less than sixty days, after the effective

date of this act, shall not be deemed a last exposure. The insurance carrier liable shall be the carrier whose policy was in effect covering the employer liable on the last day of the exposure rendering such employer liable, in accordance with the provisions of this act."

By the enactment of this paragraph the legislature evidently had two purposes in mind, first, to establish a rule by which to determine when an employee has been exposed to an occupational disease, which rule is contained in the first sentence of the paragraph, and second, to establish a rule by which to determine the employer and insurance carrier liable to pay the compensation, which rule is contained in the last two sentences of the paragraph. Under the first sentence, any employee is conclusively deemed to have been exposed to the hazard of an occupational disease, when for any length of time, however short, he is employed in any occupation or process in which the hazard of the disease exists. This language is all-inclusive and includes silicosis. If it was not the intention of the legislature to so include it, appropriate language would evidently have been inserted in the sentence excluding such disease. The time within which Jefferies must have been exposed to the hazard of silicosis, and thus entitled to compensation for disablement because of such disease, is "any length of time, however short."

The Committee on Pneumoconiosis of the Industrial Hygiene Section of the American Public Health Association recently defined silicosis as:

"A disease due to breathing air containing silica (SiO2) characterized anatomically by generalized fibrotic changes and the development of miliary nodulation in both lungs, and clinically by shortness of breath, decreased chest expansion, lessened capacity for work, absence of fever, increased susceptibility to tuberculosis (some or all of which

symptoms may be present), and by characteristic X-ray findings."

Third Symposium on Silicosis at Saranac Lake, New York, June 21st to 25th, 1937, page 18.

While the legislatures of some of the states have undertaken to define or describe silicosis, our legislature did not see fit to enter upon such an undertaking, but evidently the legislature was impressed with the thought that silicosis is an insidious, subtle disease of a progressive nature, for it provided in Par. (e), Sec. 5 of the act, that "No compensation shall be payable for or on account of any occupational disease unless disablement, as herein defined, occurs within one year after the last day of the last exposure to the hazards of the disease, except in cases of occupational diseases caused by the inhalation of silica dust or asbestos dust and, in such cases, within three years after the last date of the last exposure to the hazards of such disease." Otherwise it would not have extended the time for the manifestation of disablement from silicosis for a period of time "within three years after the last day of the last exposure to the hazards of such disease."

Furthermore, as evidencing the intent and purpose of the legislature to extend the benefits of the act to employees, who, because of their exposure to hazards of the disease, had fallen victims thereof and not to exclude them therefrom, the legislature included in the act Sec. 24, reading as follows:

"No employee, personal representative, or beneficiary shall have power to waive any of the provisions of this act in regard to the amount of compensation which may be payable to such employee, personal representative or beneficiary hereunder except after approval by the industrial board; but any employee who, prior to the taking effect of this act, contracted silicosis or asbestosis but is not disabled therefrom, may, within sixty days after the taking effect of this act, file with the industrial

board a request for permission to waive full compensation on account of disability or death resulting from silicosis or asbestosis, or any direct result thereof, supported by medical evidence satisfactory to the industrial board, that he has actually contracted silicosis or asbestosis but is not disabled therefrom, and if the industrial board shall approve such waiver, the compensation payable for such resulting disability or death of such employee, after further exposure in the employment of any employer who has elected pursuant to the provisions of sub-section (sub-sections) (a) and (b) of sec. 4 of this act, shall be fifty per centum of the compensation which but for such waiver would have been payable to any such employer."

Thus giving to the employee who had contracted the disease of silicosis but was not disabled therefrom, an opportunity, within sixty days after the taking effect of the act, upon approval of the Industrial Board, to continue his labor on condition that he sacrifice fifty per cent of his compensation in the event of disability or death. While the Industrial Board certified, "that Jefferies at no time during the period of his said employment suffered any degree of disablement nor was unable to perform his duties and earn full wages by reason of the disease of silicosis." Whether or not he attempted to comply with this section of the act is not before us. We call attention to this section for the reason that it does not require the employee, who, when the act went into effect, was already a victim of silicosis because of previous exposure to hazards of the disease, to wait sixty days after the effective date of the act, before he could avail himself of its benefits, but gives him an opportunity to take advantage of the act in less than sixty days after its effective date.

The duty then devolved upon the legislature to establish a standard to ascertain the last employer who is liable to pay compensation to an employee who, because of exposure to the hazard of the disease, had become

afflicted with silicosis. Some definite time had to be fixed when the act and the benefits to be derived therefrom should become operative. Undoubtedly the legislature did not intend by the passage of the act to nullify any right of action existing at the time this act became effective, nor did it intend that the act should be retroactive. We think this is clearly expressed by Sec. 32 thereof which reads as follows: "No repeal of any act or part thereof herein contained shall extinguish or in any way affect any right of action thereunder, existing at the time this act takes effect; and no employer shall be liable for compensation or damages under the provisions of this act in any case in which the disablement on which claim is predicated shall have occurred prior to the date this act becomes effective; but nothing contained in this section shall affect any case in which exposure as defined in this act shall have taken place after the effective date of this act."

So, realizing that a new right was being established, appreciating the peculiar character of the disease of silicosis and wishing to set up a standard for the purpose of determining the last employer in case of such disease, which in its judgment would be fair and equitable to both the employer and employee, the legislature incorporated in the second sentence of Par. (a), Sec. 26, the proviso "that in cases of silicosis or asbestosis, the only employer liable shall be the last employer in whose employment the employee was last exposed during a period of sixty days or more after the effective date of this act, to the hazard of such occupational disease, and, in such cases, an exposure during a period of less than sixty days, after the effective date of this act, shall not be deemed a last exposure."

We therefore conclude that by virtue of the terms of said Par. (a) of Sec. 26, in cases of silicosis or asbes-

tosis, the only employer liable shall be the last ██ employer in whose employment the employee was last exposed, regardless of the length of time of such exposure, during a period of sixty days or more after the effective date of the act, to the hazard of the disease, and that in order to constitute a last exposure to the hazard of the disease and thus hold the employer liable to compensation, the employee must have been in the continuous employment of an employer during a period of not less than sixty days after the effective date of the act. We conclude further that, by virtue of the terms of Sec. 32 of the act, no employer would be liable for compensation in any case of silicosis in which the disablement, on which the claim is predicated, occurred prior to the effective date of the act. So any exposure to the hazards of the disease of silicosis previous to the effective date of the act could not be taken into consideration in determining the last employer in whose employment the employee was last exposed to the hazard of the disease, during a period of sixty days or more after the effective date of the act.

The court therefore determines that, on the statement of facts certified, together with the fact assumed, the employee Jefferies is not entitled to compensation under the Indiana Workmen's Occupational Diseases Act.