## DEAN *v.* DALTON FOUNDRIES, INC.

[No. 16,399.  Filed May 27, 1941.  Rehearing denied June 24, 1941.
Transfer denied September 18, 1941.]

*Seth E. Rowdabaugh* and *Brubaker & Rockhill*, all of Warsaw, for appellant.

*James L. Murray* and *James J. Stewart*, both of Indianapolis (*Widaman & Widaman*, of Warsaw, of counsel), for appellee.

FLANAGAN, J.—This is an action instituted by appellant, Paul H. Dean, against the appellee, The Dalton Foundries, Incorporated, to recover damages for an

alleged occupational disease contracted by him through appellee's negligence.

The complaint is in two paragraphs. The first paragraph charges that appellant became afflicted with pneumoconiosis, and the second paragraph charges, in addition thereto, that by reason of the weakened condition of his respiratory tract, because of the pneumoconiosis, he also contracted tuberculosis.

Liability is asserted under the Indiana Employers Liability Law, § 40-1101, Burns' 1940 Replacement, § 10100-1, Baldwin's 1934; and negligence is predicated upon the alleged failure of the appellee to provide appellant's workplace with sufficient means of ventilation as required by the Factory Act, § 40-1013, Burns' 1940 Replacement, § 10072, Baldwin's 1934, and in failing to provide exhaust fans of sufficient power for the purpose of carrying off dust from emery wheels, grindstones, and dust-creating machinery as required by said Factory Act, § 40-1005, Burns' 1940 Replacement, § 10066, Baldwin's 1934.

At the end of plaintiff's evidence, the court directed a verdict for the defendant. Appellant's motion for a new trial was overruled, and this appeal is taken.

Appellee, in support of the action of the trial court, contends that, (1) an action for occupational disease cannot be maintained under the Employers Liability Act above referred to; (2) no such action can be predicated upon failure to comply with the provisions of the Factory Act above referred to; and (3) that the use of the word "sufficient" in the provisions of the Factory Act requiring the employer to provide "*sufficient* means of ventilation" and to provide "exhaust fans of *sufficient* power for the purpose of carrying off dust," renders these provisions so vague and indefinite as to deny due process under the Fourteenth Amend-

ment to the Federal Constitution and section 12 of art. 1 of the Constitution of this State. (Court's italics.)

These questions were presented to our Supreme Court in the case of *Illinois Steel Company* v. *Fuller* (1939), 216 Ind. 180, 23 N. E. (2d) 259, and were each decided adversely to appellee's contention.

Appellee urges that the case of *Illinois Steel Company* v. *Fuller, supra,* is to be distinguished from the instant case because it involves benzol poisoning, which appellee says, though an occupational disease, is not a *true* occupational disease as is silicosis which is involved in the instant case. The distinction sought to be made is that a *true* occupational disease affects the employee "drop by drop, little by little, day by day, for weeks and months, and finally enough is accumulated to produce symptoms" after a long period of time, while ordinary occupational disease results more quickly from less prolonged and continuous exposure. We see no basis in reason for such distinction. The law is well settled in this state that *any* occupational disease which is the proximate result of the negligence of the employer is actionable, and *any* occupational disease which is not the proximate result of the negligence of the employer is not actionable. *Illinois Steel Company* v. *Fuller, supra; McBeth-Evans Glass Co.* v. *Brunson* (1919), 70 Ind. App. 513, 122 N. E. 439; *National Rolling Mill Co.* v. *Heishman* (1924), 80 Ind. App. 673, 141 N. E. 470; *General Printing Corp.* v. *Umback, Admx.* (1935), 100 Ind. App. 285, 195 N. E. 281.

Appellee asserts that the complaint, "does not allege failure to provide exhaust fans for grinding wheels," which is one of the statutory violations depended upon by appellant, but that the complaint only charges generally that appellee failed to provide,

"exhaust or blower devices." We do not agree with this contention. The complaint alleges in detail the kind of grinding machines and grinding wheels at which appellant worked, and then alleges that the employer failed to provide exhaust fans or blower devices. Obviously this latter allegation has reference to the grinding machines and wheels where appellant was working, as well as the other dust-creating machinery described in the complaint.

Appellee further contends that appellant failed to prove appellee guilty of negligence proximately causing the disease with which appellant is suffering. In passing upon the question as to whether the trial court erred in directing a verdict, this court cannot weigh the evidence, but must consider only the evidence most favorable to the plaintiff, and must regard as proved all facts supported by such evidence and all facts which can reasonably be inferred therefrom. *Monfort* v. *Indianapolis, etc., Traction Co.* (1920), 189 Ind. 683, 686, 128 N. E. 842.

There is evidence to support the following facts: Appellant worked in the same room, under the same conditions, from the spring of 1930, to May 1, 1937, at an emery grinding machine which never at any time was equipped with any kind of blower system or exhaust fans to carry off the dust, although a large quantity of dust was continually created by the grinding machine. The dust was so thick and so covered the face and clothing of the employees that they could not be recognized at a distance of a few feet away. The state factory inspector discussed with appellee's superintendent, as early as 1933, the need for an exhaust system on the grinders, and reported to his Indianapolis office that appellee was planning to build a new building to house the grinders and would then install an exhaust

system, which appellee did do within a few months after appellant was compelled to quit work because of his health. The proper method for elimination of dust was a blower system using exhaust fans, which dust elimination devices have been available for a great number of years, did not interfere with the operation of the machines or the foundry, and were generally in use in foundries of the type operated by appellee. A sample of dust taken from a beam just above where appellant worked was analyzed by an expert chemist, who testified that it contained 46½% of silica and that this would be about the proportion of silica in the dust circulating around the head of a man working below the place from which the sample was taken. The evidence further justified the inference that this dust came from the grinding machine at which appellant worked. No windows or ventilation of any kind existed in that part of the building where appellant worked.

The medical testimony was that pneumoconiosis, the disease named in the complaint, is a lung disease caused by dust, one form of which is silicosis which results from breathing dust containing silica; and that appellant is permanently and totally disabled by reason of the disease of silicosis from which he is suffering.

We find, in these facts, no such failure of proof as appellee contends exists; and appellee's motion for a directed verdict should have been overruled.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 34 N. E. (2d) 145.