DALTON FOUNDRIES, INCORPORATED *v.* JEFFERIES.

[No. 17,058.  Filed October 22, 1943.  Rehearing Denied
December 2, 1943.  Transfer denied January 10, 1944.]

274

*James L. Murray*, of Indianapolis (*Allan S. Widaman*, of Warsaw, of counsel) for appellant.

*Brubaker & Rockhill* and *Seth E. Rowdabaugh*, all of Warsaw, and *Herbert Hartman*, of Indianapolis, for appellee.

CRUMPACKER, P. J.—On July 23, 1937, the appellant, The Dalton Foundries, Incorporated, owned and operated a foundry in Warsaw, Indiana, in which the appellee, Arnold Jefferies, had been employed for approximately nine years, during which time he was continuously exposed to silica dust from the inhalation of which he became afflicted with silicosis in its secondary stage, and by reason thereof was discharged from his employment on the above date. In 1937, the Legislature, be-

lieving that industry should bear the financial burden of human suffering occasioned through diseases contracted in the course of employment, duly enacted The Indiana Workmen's Occupational Diseases Act which went into force and effect on June 7th of that year. On June 22, 1937, the appellant elected to pay compensation in accordance with § 4 of said act by complying with the terms thereof and since said date has continuously operated its plant under provisions of said law. Relief under The Indiana Workmen's Occupational Diseases Act, however, was denied to the appellee on the theory that, having been discharged on July 23, 1937, he had not been in the continuous employment of the appellant for 60 days after June 7, 1937, the effective date of the act, and that therefore he had had no such last exposure to the hazard of silicosis, within the meaning of § 26 thereof, as would render the appellant liable for compensation. *In re: Jefferies* (1938), 105 Ind. App. 349, 14 N. E. (2d) 751.

The appellee thereupon brought an action at law to recover damages suffered by reason of said silicosis in which he alleges that he contracted such disease by reason of the negligent failure of the appellant to provide him a safe place in which to work through the installation of such ventilating devices as are required by the provisions of the so-called Factory Act of 1899. Acts 1899, ch. 142, p. 231, § 40-1001 *et seq.,* Burns' 1933, § 10062 *et seq.,* Baldwin's 1934. In such action this appeal has its origin.

Issues were joined on a complaint in one paragraph and the cause was submitted to a jury for trial. There was a verdict for the appellee in the sum of $5,000.00 and over the appellant's motion for a new trial judgment was entered accordingly.

The assignment of errors charges that: (1) The trial court erred in overruling appellant's demurrer to the complaint; (2) the trial court erred in sustaining appellee's demurrer to appellant's second paragraph of answer; and (3) the trial court erred in overruling appellant's motion for a new trial.

In support of its demurrer to the complaint the appellant relies upon but one contention which in substance is this: The Indiana Workmen's Occupational Diseases Act, in effect when this suit was brought, abolishes and destroys all previously existing common law or statutory causes of action against an employer who has brought himself within its terms and leaves to an employee, suffering damages from an occupational disease resulting from his employment, only those remedies provided by the act. Therefore the appellee's complaint is bad because it does not allege an election by the appellant to reject the act. That as such an election is absolutely essential to the cause of action the appellee has sought to plead and, as his complaint is silent in respect thereto, it is insufficient to withstand the demurrer. By way of answer to the complaint the appellant pleads facts showing its election to accept the compensation provisions of the act which, it insists, deprives the appellee of the remedy he seeks to pursue. It thus becomes apparent that appellant's first and second assignments of error present identical questions. If the complaint is good the answer is bad, and the court committed no error in overruling the demurrer to the one and sustaining the demurrer to the other. If the answer is good the complaint is bad, and the court erred in both instances.

It is well settled law in this State that, prior to the passage of the Indiana Workmen's Occupational Dis-

eases Act, any occupational disease which was the proximate result of an employer's negligence was actionable. *Illinois Steel Company* v. *Fuller* (1939), 216 Ind. 180, 23 N. E. (2d) 259; *Dean* v. *Dalton Foundries, Inc.* (1941), 109 Ind. App. 377, 34 N. E. (2d) 145; *General Printing Corp.* v. *Umback, Admx.* (1935), 100 Ind. App. 285, 195 N. E. 281; *Nat. Rolling Mill Co.* v. *Heishman* (1924), 80 Ind. App. 673, 141 N. E. 470.

That the appellee has not and never had any rights under the Indiana Workmen's Occupational Diseases Act to the damages he now seeks to recover or to compensation for the disease from which he suffers has been conclusively determined by this court in *In re: Jefferies, supra.* The record in that case being the record of this court, we are bound to know that it involved the same employer and employee, the same employment and the same injury as are involved in the case at bar, and the law as therein announced is the "law of the case" as far as the applicability of said act to this appellee is concerned. There it was expressly held that the rights created by the act are confined to those who come within its provisions and that the appellee is not so included because his employment was terminated before there had been a sixty-day exposure to silicosis subsequent to June 7, 1937, the effective date of the act. The appellant now seeks to bring the appellee within those provisions of the act which deprive him of any cause of action he may have had before its passage and exclude him from those provisions which give him a remedy for the alleged wrong he has suffered. Such a position appears to us as untenable. It is true that the act provides that "There shall be no liability of any employer for compensation or damages for or on account of any injury

to health, disease or death therefrom, other than for the compensation herein provided or for damages as provided in section three of this Act." Section 40-2202, Burns' 1940 Replacement, § 16500, Baldwin's Supp. 1937. This however does not and cannot apply to an employee excluded from the operation of the act. Appellant's contention in that regard we think has been effectively disposed of by the language of the court in *In re: Jefferies, supra,* wherein it is said, "Undoubtedly the Legislature did not intend by the passage of the Act to nullify any right of action existing at the time this Act became effective, nor did it intend that the Act should become retroactive." Any other construction would make possible the procedure so aptly described by counsel as follows: "The appellant accepts the compensation provisions of the Act and thus undertakes to relieve itself from damages and then discharges the appellee within the sixty days, preventing a last exposure within the meaning of the Act and relieves itself from compensation."

We are referred to the case of *Triff, Admx.* v. *Foundry Co.* (1939), 135 Ohio State 191, 20 N. E. (2d) 232, as announcing a principle that should guide courts in the construction of statutes having for their purpose the humane protection of the life, limb and physical welfare of the employees of industry. From that decision we quote the following with approval: " . . . the court should avoid a strained construction which would leave many employees, who are blameless victims of their employers' torts, without either damages or compensation and absolutely remediless. It is an obvious injustice to allow some employees who contract occupational disease compensation and others nothing—not even damages tortiously inflicted. The true objective of compensation

could hardly be attained by giving the language a meaning that would work injustice when another course lies open consistent with the spirit manifested in all the constitutional and statutory provisions when considered together." Silicosis, the last exposure to which has been less than sixty days after June 7, 1937, is a non-compensable disease under the Indiana Workmen's Occupational Diseases Act and, after an examination of the decisions of many states which have statutes on the subject, we are convinced, by the great weight of authority, that an employee has the right to an action at law for the negligence of an employer proximately causing a non-compensable occupational disease.

The appellant calls our attention to § 3 of the act (§ 40-2203, Burns' 1940 Replacement, § 16501, Baldwin's Supp. 1937) and argues that, because subsection (a) thereof sets up a cause of action for damages against an employer who has not elected to pay compensation as provided in § 4 (§ 40-2204, Burns' 1940 Replacement, § 16502, Baldwin's Supp. 1937), and because subsection (b) thereof gives a cause of action for damages to an employee who has elected not to operate under the compensation provisions even though his employer has, it was the evident intention of the Legislature to abolish all previously existing rights of action. Otherwise, the appellant says, those provisions would have no meaning. To this we cannot subscribe. It is the evident purpose of subsection (a) to induce employers to elect to come under the compensation provisions of the act by restoring to them the defenses of assumption of risk and negligence of a fellow servant in an action for damages brought by an employee who has elected not to be bound by said compensation provisions—defenses of which such employers were otherwise deprived by the Indiana Em-

ployers' Liability Act of 1911. Likewise it is the evident purpose of subsection (b) to lead an employee to accept such compensation as otherwise his action for damages could be met by the above defenses provided, however, his employer had elected to be bound by said compensation provisions.

We have found no authority for the position that a workman is bound by a compensation act, either for the relief of accidental injury or occupational diseases, where the injury or disease from which he suffers is non-compensable under the terms of the act involved. Therefore we are constrained to hold that the Indiana Workmen's Occupational Diseases Act has nothing to do with the cause of action set out in the appellee's complaint and that such cause of action was not abolished or struck down thereby. Obviously then, mention of the act was not essential to a good complaint and the pleading of its terms could not constitute a good answer. The court committed no error by its rulings on the respective demurrers.

The appellant's motion for a new trial complains that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; that the court erred in giving on its own motion instructions numbered 11 and 12 to the jury and in refusing to give instructions numbered 7, 8 and 9 tendered and requested by the appellant; and lastly that certain evidence was erroneously admitted over its objections.

In presenting its contention that the verdict of the jury is not sustained by sufficient evidence the appellee has taken each specific allegation of negligence contained in the complaint and endeavored to show the court that there is no proof thereof. This, however, is not the test. The evidence must be considered without reference to the complaint and if there is any sub-

stantial evidence, unobjected to when introduced, to sustain the verdict it is sufficient and the complaint, if it could have been amended below to conform to the evidence, will be deemed to have been amended accordingly on appeal. *Ladoga Canning Co.* v. *Taylor* (1937), 104 Ind. App. 1, 7 N. E. (2d) 52; *Lindley* v. *Skidmore* (1941), 109 Ind. App. 178, 33 N. E. (2d) 797; *Chicago, etc., R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 142 N. E. 634, 143 N. E. 712; *Hamilton* v. *Winterrowd* (1873), 43 Ind. 393; § 2-3231, Burns' 1933, § 505, Baldwin's 1934.

The appellant contends, however, that, even though the above rule is indulged, there is still a total failure of proof that it had knowledge that the appellee was being exposed, in the course of his employment, to the hazard of silicosis and without such knowledge there could be no negligence in so exposing him. We see no merit in this contention because the appellant was bound to know that under §§ 9 and 15 of the Factory Act of 1899, § 40-1005, Burns' 1940 Replacement, § 10066, Baldwin's 1934, § 40-1013, Burns' 1940 Replacement, § 10072, Baldwin's 1934, it was its duty "to provide exhaust fans of sufficient power for the purpose of carrying off dust from dust creating machinery," and to provide "sufficient means of ventilation" in the room where the appellee was required to work, and that a failure to perform its statutory duty in those respects would constitute negligence *per se* for which it was bound to respond in damages if the appellee was injured thereby. *Balzer* v. *Waring* (1911), 176 Ind. 585, 95 N. E. 257; *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 64 N. E. 610, 58 L.R.A. 944; *Green* v. *American Car & Foundry Co.* (1904), 163 Ind. 135, 71 N. E. 268; *Robertson* v. *Ford* (1905), 164 Ind. 538, 74 N. E. 1; *Hohenstein-Hartmetz, etc., Co.* v. *Matthew* (1910), 46 Ind. App. 616, 92 N. E. 196.

The appellant insists, nevertheless, that the negligence *per se* doctrine has no application here because the particular disease with which the appellee became afflicted could not reasonably have been foreseen as the proximate result of its failure to comply with the provisions of the Factory Act. This argument is based wholly on the premise that in 1899 when the Factory Act became law and, during the years the appellee was exposed to dust in appellant's foundry, silicosis, as a specific disease, was unknown to medical science and that therefore the damaging results of the appellant's failure to comply with the provisions of the act were not within the contemplation of the act itself, nor could such results have been reasonably anticipated by the appellant. That forseeability is an essential element of proximate cause is no longer a matter of debate in Indiana. *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 8 N. E. (2d) 993; *Indiana Service Corporation* v. *Johnston* (1941), 109 Ind. App. 204, 34 N. E. (2d) 157; *McIntosh* v. *Pennsylvania R. Co.* (1942), 111 Ind. App. 550, 38 N. E. (2d) 263. We think, however, that the appellant invokes too narrow an application of the rule. It is not necessary, to make one liable for negligence, that he should have foreseen the particular or precise injury that in fact occurred. If he negligently permitted conditions to exist or continue from which he might reasonably have anticipated a certain class of injuries might very likely result, and if the resulting injury was of such class, his negligence is actionable. *Swanson* v. *Slagal, supra; McIntosh* v. *Pennsylvania R. Co., supra; Tabor* v. *Continental Baking Co.* (1942), 110 Ind. App. 633, 38 N. E. (2d) 257; *Baltimore, etc., R. Co.* v. *Slaughter* (1906), 167 Ind. 330, 79 N. E. 186, 7 L.R.A. (N.S.) 597; *Cleveland, etc., R. Co.* v. *Patterson* (1906), 37 Ind. App. 617, 75 N. E.

857; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153, 84 N. E. 549; *Beaning* v. *South Bend Electric Co.* (1910), 45 Ind. App. 261, 90 N. E. 786.

For many years it has been the common and ordinary experience of men engaged in industry that physical injury and incapacity occasionally result when nonorganic dust is continuously inhaled. In recognition of that fact and in an effort to eliminate it as one of the hazards of industry, the Factory Act of 1899 was passed requiring employers to provide exhaust fans of sufficient power to carry off dust from dust-creating machinery and operations and to provide sufficient ventilation in rooms where such machinery is used or where such operations are carried on. Silica is one of the injurious agents frequently present in the dust created by many manufacturing processes and resultant silicosis is surely in the class of injuries the Factory Act was intended to prevent and in a class of injuries commonly known to occur under such conditions as the evidence, most favorable to the appellee, shows to have existed in the appellant's foundry and under which the appellee worked for a period of nine years.

Complaint is next made of instructions numbered 11 and 12 given by the court on its own motion and of the court's refusal to give instructions numbered 7, 8 and 9 tendered by the appellant. It is urged by the appellee that none of these instructions, either given or tendered and refused, are properly in the record or, if in the record, then not properly in the transcript thereof and that therefore no question in respect to said instructions is presented for our consideration. Rule 1-7 of the Rules of the Supreme Court, 1940 Revision, in effect when this case was tried, provides as follows: "After the court has indicated the instructions to be given, each party shall have a rea-

sonable opportunity to examine such instructions and to state his specific objections to each, out of the presence of the jury and before argument, or specific written objections to each instruction may be submitted to the court before argument. No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required.

"All instructions given or refused, and all written objections submitted thereto, shall be filed with the clerk and become a part of the record in the cause without a bill of exceptions. Objections made orally shall be taken by the reporter and may be made a part of the record by a general or a special bill of exceptions."

In its reply brief the appellant says: "Such rule does not specifically abolish bringing the instructions into the record by bill of exceptions and certainly, it can be safely assumed that a rule should not be construed to have that disastrous effect without a specific direction therein. Herein, appellant, when it was found that the record as prepared by the Clerk did not show that the instructions were made a part thereof by the specific filing even though the file mark was actually placed thereon, a special bill of exceptions was prepared, signed by the Judge, filed within the period of time allowed therefor by his order overruling motion for new trial." We take this to be an admission that unless the instructions were made a part of the record by special bill of exceptions they are not before us and any question of their having been brought in by any other method is waived. We agree with the appellant that the rule above quoted does not abolish the practice of bringing instructions into the record by special bill. It seems to us that Rule 2-1 of the same revision settles the question. It is there stated that

"All other rules of appellate procedure and practice adopted by statutory enactment and in effect on June 21, 1937, shall continue in full force and effect, except as herein otherwise provided," and we find nothing in the rules inconsistent with a continuation of the statutory practice of making instructions, both those given and those refused, a part of the record by special bill. But even so, the appellee argues, no original paper or document can be incorporated in the transcript of the record except the general bill of exceptions containing the evidence and that in the instant transcript the original bill of exceptions containing the instructions in question appears therein as is evidenced by the clerk's file mark on the back of each page thereof and the judge's signature to the certificate thereunto attached. Such evidence is not conclusive, however, and, in the absence of a conclusive showing to the contrary, we accept as correct the clerk's certificate in respect thereto which is to the effect that the "transcript contains full, true and correct copies, or the originals, of all papers and entries in said cause filed in my office as such clerk and recorded in the records of this office as required" by the praecipe. The praecipe asks for copies of all matters constituting the full and complete record except the original bill of exceptions containing the evidence which the clerk is directed to incorporate therein without copying. The word "originals" as used in the clerk's certificate has reference only to the general bill containing the evidence as that is the only original paper or document required by the praecipe and for the same reason we must conclude that all other papers, entries or documents are copies. *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339.

Further objection is made that said bill was filed after the expiration of the term during which the mo-

tion for a new trial was overruled. At the time of said ruling the appellant asked for and was given sixty days for the filing of all bills of exceptions. The instant bill was filed within the time given and, being properly certified, comes into the record even though the time given carried beyond the term during which the decision complained of was made. Section 2-3105, Burns' 1933, § 455, Baldwin's 1934.

Although the objections to instructions numbered 11 and 12, given to the jury, do not appear in the special bill under discussion there is an order book entry in which such objections are set out in full and this indicates to us that they were written and filed with the clerk as provided by Rule 1-7, *supra*, and thereby became a part of the record without bill.

The appellant has specifically waived all questions of error in the giving of instruction numbered 12 but urges that number 11 is erroneous because it permits a recovery for common-law negligence whereas there is no charge of such negligence in the complaint. We find however that there is sufficient evidence to sustain such a charge of negligence and, treating the complaint as amended under the rule heretofore announced, the instruction in question is within the issues and not open to the objection urged against it. Appellant's tendered instruction numbered 7, if given, would have directed a verdict for the appellant on the grounds that the Indiana Workmen's Occupational Diseases Act abolished the cause of action the appellee is seeking to prosecute. Its tendered instruction numbered 8 announces the law of the case to be that unless the appellant had knowledge of the presence of silica dust in the room in which the appellee worked there could be no recovery. Instruction numbered 9 requires proof of the foreseeability of silicosis as the

proximate result of exposure to the dust in appellant's foundry. The questions presented by the court's refusal to give these instructions are identical with those raised by the demurrer to the complaint and the challenge to the sufficiency of the evidence. They have been hereinbefore discussed and decided adversely to appellant's contention and we see no error in the court's refusal to give the instructions involved.

Lastly, the appellant complains of error in the admission in evidence of certain testimony given by the witnesses Roy Strayer and Dr. Lawrence F. Fisher. Thoroughly embedded in the law of procedure in this State is the rule that when error is predicated upon the admission of evidence, the specific objections thereto, made at the time the evidence was offered, and the ruling of the court thereon, must be set out in the motion for a new trial. Why the rule is such has been frequently explained in decisions of this court and the Supreme Court in the following language quoted from *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. (2d) 267: "This is necessary for two good reasons: (1) that the trial court may be fully apprised of the alleged error so that it may have an opportunity to correct the ruling by granting the motion if it deems it proper to do so; and (2) that this court may be able to consider the matter on appeal without being burdened to search the record for grounds to reverse." *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. (2d) 207; *Wise* v. *Curdes* (1942), 219 Ind. 606, 40 N. E. (2d) 122. As appellant's motion for a new trial wholly fails to meet the requirements of the above rule no question as to the admissibility of the testimony of Strayer and Fisher is presented to us for review.

We find no error and judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 13.